UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAD BROWN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15-CV-782 (CEJ) |
| CITY OF COTTLEVILLE, MISSOURI, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on defendants' motion to partially dismiss plaintiff's complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition and the issues are fully briefed.

Plaintiff Chad Brown was a sergeant employed by the City of Cottleville. At the time of the events giving rise to this dispute, defendant Scott Lewis was the chief of police and city administrator and defendant Brett Mitchell was a police officer. Plaintiff alleges that his employment was terminated because he joined a disfavored union and reported wrongdoing by police officers. He also alleges that he was prosecuted on false charges following his termination. Plaintiff brings this action pursuant 42 U.S.C. § 1983, claiming that the defendants violated his rights under the First and Fourteenth Amendments to the Constitution. He also asserts state law claims of wrongful termination against the city and defendant Lewis and malicious prosecution against defendants Lewis and Mitchell.

I.   **Background**

According to allegations in the complaint, members of the police department began organizing a police association in 2012. Plaintiff and others elected to join

"Local 42," instead of the Cottleville Police Association, and were thereafter "targeted" by the city and defendants Lewis and Mitchell. Complaint, ¶¶8-11. In addition to joining a rival union, plaintiff also reported "misconduct and illegal acts" to the City of Cottleville,[1] including: (a) police officers being required to work at defendant Lewis's bar while being paid by the city; (b) policed officers being required to work more than 40 hours a week without overtime pay; (c) "the discovery that" a supervisor had misappropriated $3,000 designated for a K-9 fund; (d) "witnessing" a male supervisor sexually harass a female subordinate officer; and (e) police officers being required "to actively campaign against elected candidates of the City." Complaint, ¶12.

In February 2013, defendant Lewis called a mandatory secret meeting and told "the police officers" that they "need[ed] to actively campaign" against the mayor. Complaint, ¶13. When Lewis discovered that the meeting had been recorded, he requested at least $1,200 of taxpayer money to conduct "written tests and polygraph examinations to try to determine who had recorded the secret meeting." Complaint, ¶14. Lewis required three police officers, all of whom had joined Local 42, to appear for polygraph examinations. Plaintiff appeared on May 16, 2013. When he said that he had a lawyer, the polygraph examiner said that he would reschedule the examination for another date. However, Lewis terminated plaintiff's employment the following day, stating that it was "without cause." Complaint, ¶16. Twelve hours later plaintiff received a letter from Lewis, stating that plaintiff's termination was for violating "certain City policies." Complaint, ¶¶14-16.

---

[1] While the allegation is explicit about the nature of the "misconduct and illegal acts," it does not identify the actors.

On June 21, 2013, the St. Charles County prosecutor charged plaintiff with four counts of misdemeanor fraudulent use of a credit device, arising from plaintiff's use of city-owned gas cards. On December 14, 2014, a jury acquitted plaintiff of all charges. Plaintiff alleges that "the prosecution was initiated by Lewis and Mitchell in retaliation for [his] union association and reporting of illegal acts." Complaint, ¶¶18-20.

II.     **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth

in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## III. Discussion

Defendants first argue that their motion to dismiss should be granted because plaintiff's response in opposition to the motion was filed one day late and plaintiff did not seek leave to file out of time. The court will not order a dismissal because of a 24-hour delay. Plaintiff is granted leave to file his untimely response.

In his opposition to the defendants' motion to dismiss, plaintiff makes factual allegations that are not contained in his complaint. In ruling on a motion to dismiss, the court's consideration is limited to allegations in the complaint. Because plaintiff requests leave to amend his complaint in the event that the dismissal motion is granted, the court considers whether plaintiff's additional factual allegations state a claim for relief.

### A. Count I: Violation of First Amendment

In Count I of the complaint, plaintiff claims that his employment was terminated in violation of his First Amendment right to freedom of association. He alleges that defendant Lewis terminated him because he affiliated with the disfavored labor union. He further alleges that his termination was "authorized, approved and/or ratified" by the city and Lewis "as part of their broader conspiracy to retaliat[e] against union members." ¶¶24-26. Defendant city argues that plaintiff fails to state a claim against it because he does not allege that an official custom, policy, or practice of the city caused his termination or that defendant Lewis was responsible for setting policy for the police department.

A claim brought against a municipality under § 1983 is sustainable only if a constitutional violation has been committed pursuant to an official custom, policy, or practice of the city, or is so pervasive among non-policymaking employees of the municipality so as to constitute a custom or usage with the force of law. Granda v. City of St. Louis, 472 F.3d 565, 568 (8th Cir. 2007). Claims against a municipality based on the acts of an individual officer or entity instead of a written policy have succeeded in circumstances where the action was not "subject to significant review" because the officer was in a "policy making position . . . represent[ing] the official policy of the municipality." Id. (quoting McGautha v. Jackson County Collections Dep't, 36 F.3d 53, 56 (8th Cir. 1994)). "A governmental subdivision can face liability under § 1983 for the final policy decisions of officials in managerial or executive offices, such as . . . a police superintendent making final human resources decisions." Id. at 568-69 (citing Angarita v. St. Louis County, 981 F.2d 1537 (8th Cir. 1992)).

Plaintiff does not allege that he was terminated on the basis of an official custom, policy or practice. In his opposition memorandum, he argues that the City of Cottleville is liable because Lewis had final policy-making authority with respect to employment decisions, but this is not an allegation he made in his complaint. Even if this allegation had been included, plaintiff still could not state a claim against the city based on defendant Lewis's actions. The fact that "a particular official — even a policymaking official — has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." Davison v. City of Minneapolis, Minn, 490 F.3d 648, 659-60 (8th Cir. 2007) (citations omitted). Thus, for example, a "county sheriff

may have discretion to hire and fire employees without also being the county official responsible for establishing county employment policy." Id. (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 n.12 (1986)). Whether an official had final policymaking authority is a question of state law, id. at 661, and, under Missouri state law, the mayor and the board of aldermen of a fourth-class city such as Cottleville are the final policy makers. Copeland v. Locke, 613 F.3d 875, 882 (8th Cir. 2010) (citing Mo.Rev.Stat. § 79.110). Defendant Lewis was the chief of police and city administrator; thus, as a matter of Missouri law, he was not a final policy maker for the City of Cottleville with respect to employment decisions.

Plaintiff alternatively argues that the city is liable for retaliating against him for his union association because it "had full knowledge of the polygraph examinations and actually approved the use of taxpayer funds" for the polygraph examinations. Plaintiff has made no allegations to this effect in his complaint. But even if he had done so, the city's decision to provide funds for polygraph examinations alone does not amount to retaliation or a violation of other constitutional protections.

For these reasons, the city's motion to dismiss Count I for failure to state a claim for relief will be granted.

### B. Count II: Violation of Substantive Due Process Rights

In Count II of his complaint, plaintiff alleges that he was maliciously prosecuted without probable cause in violation of his substantive due process rights.

Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of

ordered liberty. Moran v. Clarke, 296 F.3d 638, 643 (8th Cir. 2002). The state violates substantive due process when it engages in conduct that is so outrageous that it shocks the conscience or otherwise offends "judicial notions of fairness, [or is] offensive to human dignity." Id. (alteration in original). "Only the most severe violations of individual rights that result from the brutal and inhumane abuse of official power rise to" the conscience-shocking level. Davis v. White, No. 14-1722, 2015 WL 4528367, at *5 (8th Cir. July 28, 2015) (citation omitted). "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." White v. Smith, 696 F.3d 740, 757 (8th Cir. 2012) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)).

In his opposition memorandum, plaintiff alleges for the first time that defendants Lewis and Mitchell "conducted a sham investigation, failed to ask or answer any vital questions before initiating a prosecution, and purposely provided false information in order to have him prosecuted." Memorandum in Opposition, p.2 [Doc. #10]. A police officer's intentional or reckless failure to investigate before making a complaint can support a substantive due process claim. See White, 696 F.3d at 758 (former inmate stated substantive due process claim where investigating officers coerced and threatened co-defendants into implicating plaintiff in a murder; repeatedly ignored inconsistencies and implausibilities in the evidence implicating plaintiff; and exercised systematic pressure to procure his conviction despite the unreliability of the evidence that he was involved). However, "[i]n all of the cases in which the Eighth Circuit has suggested that an unfair investigation may have deprived the accused of substantive due process, the investigation caused a

*separate* deprivation of life, liberty, or property." Lawrence v. City of St. Paul, 740 F. Supp. 2d 1026, 1038 (D. Minn. 2010) (emphasis in original). Plaintiff "has not pointed to, and the Court has not found, any Eighth Circuit case in which an unfair investigation — in and of itself — was held to have deprived the accused of substantive due process." Id. Here, the unfair investigation and malicious prosecution occurred after plaintiff was fired, and he was acquitted on all charges. Plaintiff does not allege either in his complaint or in opposition to the dismissal motion that he suffered any independent deprivation. Therefore, Count II of the complaint will be dismissed for failure to state a claim.

### C. Count III: Wrongful Termination

Plaintiff alleges that the City of Cottleville and Lewis terminated his employment in violation of Missouri public policy because he reported wrongdoing.

Under Missouri law, an at-will employee may not be terminated for reporting wrongdoing or violations of law to superiors or public authorities. Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010). An employee terminated for reporting wrongdoing has a cause of action in tort for wrongful discharge based on the public-policy exception. Id.

The city argues that it is entitled to dismissal of this claim under Missouri's sovereign immunity statute, Mo.Rev.Stat. §537.600. In Missouri, a public entity is afforded sovereign immunity from tort actions. Folsom v. Morgan County, Mo., 2011 WL 2417009, at *9 (W.D. Mo. June 13, 2011). That immunity may be waived by the purchase of liability insurance. § 537.610.1. Under Missouri law, the plaintiff bears the burden of proving the existence of an insurance policy, and that the terms of the policy cover the plaintiff's claims. Topps v. City of Country Club Hills,

8

272 S.W.3d 409, 415 (Mo. Ct. App. 2008). Because the liability of a public entity for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity. Epps v. City of Pine Lawn, 353 F.3d 588 (8th Cir. 2003). Plaintiff acknowledges that he has not made the necessary allegations and seeks leave to amend his complaint to cure the deficiency. His request for leave to amend will be granted.

Defendant Lewis argues that he is entitled to dismissal of plaintiff's wrongful termination claim because he was not plaintiff's employer. Missouri law allows a former employee to maintain a public-policy wrongful discharge cause of action only against a former employer. Taylor v. St. Louis Cnty. Bd. of Election Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010). In Missouri, "[t]he determination of whether an employer/employee relationship exists is generally based on right of control." Id. (quoting Chandler v. Allen, 108 S.W.3d 756, 763 (Mo. Ct. App. 2003) (internal quotation omitted). The right of control is affected by factors such as the "extent of control, actual exercise of control, duration of employment, right to discharge, method of payment for services, furnishing of equipment, whether the work is part of regular business of the employer, and the contract of employment." Id. (quoting Chandler, 108 S.W.3d at 763). No one factor is controlling, "but each may be considered relevant to the issue." Id. Plaintiff has not made any allegations that defendant Lewis exerted the requisite control. He may attempt to cure the deficiencies in an amended complaint.

\* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' partial motion to dismiss [Doc. #7] is **granted as to the claim against defendant City of Cottleville in Count I and as to all claims asserted in Count II.**

**IT IS FURTHER ORDERED** that defendants' motion to dismiss Count III is **denied without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff shall have 30 days in which to file a motion for leave to amend his complaint with respect to the claim asserted in Count III. A copy of the proposed amended complaint must be attached to the motion as an exhibit.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file his memorandum in opposition to the defendants' motion to dismiss.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2015.