UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-782 (CEJ) |
| | ) | |
| CITY OF COTTLEVILLE, MISSOURI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to strike portions of plaintiff's first amended complaint pursuant to Fed.R.Civ.P. 12(f). Plaintiff has not filed a response and the time allowed for doing so has expired.

Plaintiff Chad Brown was a sergeant employed by the City of Cottleville, Missouri. He alleges that his employment was terminated in violation of his constitutional rights and that he was prosecuted on false charges following his termination. He brings this action pursuant to 42 U.S.C. § 1983 against the city and defendants Scott Lewis and Brett Mitchell. Plaintiff claims that the defendants violated his rights under the First Amendment (Count I) and the Fourteenth Amendment to the Constitution. He also asserts state law claims of wrongful termination (Count III) and malicious prosecution (Count IV).

On September 21, 2015, the Court dismissed the First Amendment claim in Count I against the City of Cottleville for failure to state a claim of municipal liability under § 1983. The Court also dismissed, as to all defendants, plaintiff's Fourteenth Amendment substantive due process claim in Count II for failure to state a claim.

Although the defendants also sought dismissal of the wrongful termination claim in Count III, the Court gave plaintiff the opportunity to file an amended complaint to cure the pleading deficiencies with respect to the claim. Plaintiff timely filed an amended complaint containing additional allegations in support of Count III. However, he also restated Counts I and II in the amended complaint. Defendants move to strike Count I with respect to plaintiff's claim against City of Cottleville and Count II in its entirety.

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A matter is deemed immaterial or impertinent "when not relevant to the resolution of the issue at hand." McLafferty v. Safeco Ins. Co. of Indiana, No. 14-564 DSD/SER, 2014 WL 2009086, at *3 (D. Minn. May 16, 2014) (citation omitted).

The amended complaint contains no new allegations that would support the claims that were previously dismissed. Plaintiff offers no justification for restating these claims, and the Court finds that they are immaterial and impertinent. See Raineri Const., LLC v. Taylor, No. 4:12-CV-2297 CEJ, 2014 WL 7506853, at *2 (E.D. Mo. Jan. 9, 2014) (striking repleaded claims where plaintiff failed to address deficiencies in complaint). Moreover, defendants would be prejudiced if plaintiff were allowed to pursue discovery on the dismissed claims. Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., No. 4:08-CV-243 (JCH), 2008 WL 2817106, *2 (E.D. Mo. July 21, 2008) (prejudice requirement satisfied if striking the matter would "prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome.")

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike portions of plaintiff's first amended complaint [Doc #16] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's claim against City of Cottleville in Count I and his claims against all defendants in Count II are **stricken**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2016.